IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

14 cv _____

| | |
|---|---|
| MARY TAYLOR WASHAM, Individually and as Administratrix and on behalf of the ESTATE OF TERRY DEAN WASHAM,<br><br>Plaintiff,<br><br>v.<br><br>COMPETITION TRAILERS, INC., HALDEX, INC. and HALDEX BRAKE PRODUCTS CORPORATION (f/k/a Haldex Midland Brake Corporation) | **COMPLAINT**<br><br>(Jury Trial Demanded) |

THE PLAINTIFF, complaining of Defendant(s), alleges and says:

**PARTIES and JURISDICTION**

1. At the time of the injury and death from which this action arises, Plaintiff Mary Taylor Washam was the wife of decedent, Terry Dean Washam, and was and is a citizen and resident of Mecklenburg County, North Carolina. Ms. Washam was later duly appointed as the Administratrix for the Estate of Terry Dean Washam and continues to serve in that capacity.

2. Upon information and belief, Defendant Competition Trailers, Inc.

1

(hereinafter "Competition Trailers" or "Defendant(s)"), is a Texas corporation with its principal place of business located in or around Henderson, Texas, and at all times relevant hereto was engaged in the business of designing, manufacturing and selling trailers of the type whose suspension or braking or other mechanical system de-pressured itself, falling and crushing Mr. Washam to death.  On information and belief, at all times relevant to this action Defendant regularly and systematically transacted business in the State of North Carolina, manufactured its products for use and/or distribution and/or sale in North Carolina, and in fact sold its products in North Carolina.

3. Upon information and belief, Haldex, Inc. (hereinafter "Haldex" or "Defendant(s)") is a Delaware Corporation with a principal place of business in Kansas City, Missouri, and at all times relevant hereto was engaged in the business of designing, manufacturing and selling the type of air pressure switches and/or sensors and/or valves that de-pressured the suspension or braking or other mechanical system of the trailer, crushing Mr. Washam to death. On information and belief, at all times relevant to this action Defendant regularly and systematically transacted business in the State of North Carolina, manufactured its products for use and/or distribution and/or sale in North Carolina, and in fact sold its products in North Carolina.

4. Upon information and belief, Haldex Brake Products Corporation, (hereinafter "Haldex Brake" or "Defendant(s)") is a Delaware Corporation with a principal place of business in Kansas City, Missouri, and at all times relevant hereto was engaged in the business of designing, manufacturing and selling the type of air pressure switches and/or sensors and/or valves that de-pressured the suspension or braking or other system of the trailer, crushing Mr. Washam to death. On information and belief, at all times relevant to this action Defendant regularly and systematically transacted business in the State of North Carolina, manufactured its products for use and/or distribution and/or sale in North Carolina, and in fact sold its products in North Carolina.

5. All of the Defendants have the capacity to be sued and are subject to the jurisdiction of the United States District Court for the Western District of North Carolina. This Court has jurisdiction under 28 U.S. Code Section 1332, as diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

**FACTS**

6. During or about 2004, and in any event within twelve years of the filing of this action, Defendant Competition Trailers or its agent(s) or its

subcontractor(s) designed and/or built or manufactured or assembled and sold the transport trailer that is a subject of this action.

6. On information and belief, the Vehicle Identification Number (VIN #) of the subject trailer is1C9SS53214H473405.
   .
7. During or about 2004, and in any event within twelve years of the filing of this action, Defendant Competition Trailers or its agent(s) or its subcontractor(s) designed and/or selected and/or approved the selection of, and assembled or built or used in the assembly or building of, and tested and inspected, the mechanical system(s) and/or the air switch(es) or sensor(s) or valve(s) used in those systems and in the subject trailer and which are themselves a subject of this action and a cause of Mr. Washam's death..

8. Prior to Mr. Washam's death Defendant Competition Trailers failed to write, communicate or properly place adequate instructions or adequate warnings about the subject trailer or its mechanical system(s) and/or component parts such as the air switch(es) or sensor(s) or valve(s) sufficient to notify reasonably foreseeable users or consumers or workers such as Mr. Washam of the unreasonable danger(s) or hidden danger(s) that existed in said trailer, its mechanical system(s) and/or component parts, including its air switch(es) or sensor(s) or valve(s), the operation or failure of which was a proximate cause of Mr. Washam's death.

9. Within twelve years of the filing of this action, Defendants Haldex, Inc. and/or Haldex Brake Products Corporation (f/k/a Haldex Midland Brake Corporation) designed, manufactured, inspected, tested, approved and/or sold the air switch(es) or sensor(s) or valve(s) that were a component part of the subject trailer and that are themselves a subject of this action and a proximate cause of Mr. Washam's death.

10. Prior to Mr. Washam's death and within twelve years of the filing of this action, Defendants Haldex, Inc. and/or Haldex Brake Products Corporation (f/k/a Haldex Midland Brake Corporation) failed to write, communicate or properly place adequate instructions or adequate warnings about the subject air switch(es) or sensor(s) or valve(s) sufficient to notify reasonably foreseeable users or consumers or workers such as Mr. Washam of the unreasonable danger(s) or hidden danger(s) that existed in said air switch(es) or sensor(s) or valve(s), the operation or failure of which was a proximate cause of Mr. Washam's death.
.

11. On or about the spring of 2012, the decedent Terry Dean Washam, was hired by Golden Gate Trailers.

12. Golden Gate Trailers was in the business, among other things, of servicing trailers such as the type of trailer manufactured by Defendant Competition Trailers.

13. Mr. Washam was hired as a trailer mechanic or technician, but instead of being trained to work on the type of transport trailers manufactured by Defendant Competition Trailers, he was assigned, for the most part, to washing trailers and, later to performing or participating in inspection checks.

14. Before working at Golden Gate, Mr. Washam had experience in working on standard cargo trailers, but not on transport trailers of the type manufactured by Defendant Competition Trailers.

15. On the day of his death, Mr. Washam's employer directed him to work on a customer's trailer manufactured by Defendant Competition Trailers and located in the employer's parking lot.

16. The trailer manufactured by Defendant Competition Trailers and on which Mr. Washam was directed to work weighed approximately 30,000 pounds.

17. The underside of the trailer manufactured by Defendant Competition Trailers and on which Mr. Washam was directed to work was approximately 12.5 inches above the parking lot pavement.

18. The task the employer directed Mr. Washam to perform on Defendant Competition's trailer included changing or replacing a pressure switch or sensor or

valve or mechanism manufactured by one or more of the Defendants (hereinafter "air switch").

19. Mr. Washam had no experience in changing or replacing on the type of trailer manufactured by Defendant the part he was directed to replace on that trailer.

20. Before the day of his death, Mr. Washam had become concerned that his job was not secure because his employer had informed him, in so many words, that he was not performing tasks quickly enough.

21. The pressure switch or sensor or valve or mechanism Mr. Washam was directed to change was located on the underside of the trailer.

22. Mr. Washam had sufficient room to crawl or move his body under the trailer to the location of the air switch to perform the work and so he began.

23. While Mr. Washam was under the trailer, the suspension or braking or other mechanical system involving Defendants' air switch and trailer de-pressured itself, allowing the 30,000 pound trailer to fall or lower, crushing to death Mr. Washam.

24. Defendant's trailer fell approximately 3.5 inches such that its underside came to rest 9 inches above the pavement.

25. It took between approximately 20 and 30 seconds for Defendant's trailer to fall these 3.5 inches.

26. Defendant's trailer cracked Mr. Washam's sternum, broke multiple ribs and inflicted severe blunt force trauma on his head and chest, crushing him to death.

27. Mr. Washam would have been aware for at least 20-30 seconds that the trailer was falling and was crushing him and would crush him to death.

### Plaintiff's First Cause of Action:
### NEGLIGENCE OF HALDEX, INC. AND/OR HALDEX BRAKE PRODUCTS CORPORATION RELATING TO THE DEFECTIVE AIR SWITCH(ES), SENSOR(S) OR VALVE(S)

28. Plaintiff incorporates the allegations in paragraphs 1- 27 as if fully set forth herein.

29. Defendant Haldex, Inc. and/or Haldex Brake Products, within twelve (12) years of the filing date of this action, negligently designed and/or tested and/or labeled and/or packaged and/or inspected and/or approved and/or

8

manufactured and/or marketed and/or sold the defective or unsuitable or unsafe air switch(es), sensor(s) or valve(s) which were a part of or were being installed on the subject trailer at the time of Mr. Washam's death.

30. Defendant Haldex, Inc. and/or Haldex Brake Products had a duty to use reasonable care and not to negligently design, test, label, package, inspect, approve, manufacture or market or sell the defective or unsuitable or unsafe switch(es), sensor(s) or valve(s) which were a part of or being installed on the subject trailer at the time of Mr. Washam's death.

31. Defendant Haldex, Inc. and/or Haldex Brake Products breached this duty, and this breach was a proximate cause of Mr. Washam's death.

**Plaintiff's Second Cause of Action:**
**NEGLIGENCE OF DEFENDANTS HALDEX, INC. AND HALDEX BRAKE PRODUCTS CORPORATION FOR FAILURE TO WARN**

32. Plaintiffs reallege and incorporate by reference all allegations as set forth in paragraphs 1 – 25 above.

33. Defendants Haldex and/or Haldex Brake failed to write, communicate, provide or place reasonable and adequate instructions, warnings and information for the safe use or repair or replacement of its air switch(es),

sensor(s) or valve(s) by reasonably foreseeable users, consumers or workers like Mr. Washam.

34. Defendants Haldex and/or Haldex Brake had a continuing and affirmative duty to provide such adequate instructions, warnings and information.

35. Because its air switch(es), sensor(s) or valve(s) left the control of Defendant Haldex and/or Haldex Brake without adequate warning, instruction or information, they created an unreasonably dangerous condition that Defendant Haldex and/or Haldex Brake knew, or in the exercise of ordinary care, should have known, posed a risk of substantial harm to a reasonably foreseeable claimant such as Mr. Washam. Defendants Haldex and/or Haldex Brake had a duty not to create such a condition.

36. Defendants Haldex and/or Haldex Brake breached these duties to provide proper instructions, warnings and information regarding the safe use of the subject air switch(es) or sensor(s) or valve(s) and to avoid the creation of such unreasonably dangerous conditions, and such breach was a proximate cause of Mr. Washam's death.

**Plaintiff's Third Cause of Action:
CLAIM AGAINST OF HALDEX, INC. AND HALDEX BRAKE PRODUCTS
CORPORATION FOR BREACH OF IMPLIED
AND EXPRESS WARRANTIES**

37. Plaintiffs reallege and incorporate by reference all allegations as set forth in paragraphs 1 – 36 above.

38. By operation of statute or under the common law, Defendants Haldex Inc. and/or Haldex Brake Products Corporation impliedly and expressly warranted that their air switch(es), sensor(s) or valve(s) were safe for their intended use; properly designed and manufactured; fit for the ordinary and for the particular purposes for which they were to be used; and accompanied by adequate warnings, instructions and information respecting safe and proper use.

39. These warranties ran to reasonably foreseeable users, consumers or claimaints like Mr. WashamI Alternatively, Mr. Washam was a third party beneficiary of said warranties. Mr. Washam relied on these warranties.

40. Defendants Haldex Inc. and/or Haldex Brake Products Corporation breached one or more of its warranties.

41. As a direct and proximate result of Defendants Haldex Inc.'s and/or Haldex Brake Products Corporation's breach of implied and express warranties, Mr. Washam sustained severe and fatal injuries.

**Plaintiff's Fourth Cause of Action:**
**<u>NEGLIGENCE OF DEFENDANT COMPETITION TRAILERS RELATING TO THE TRAILER AND/OR ITS COMPONENT SYSTEMS AND/OR PARTS</u>**

42. Plaintiff incorporates the allegations in paragraphs 1 -- 41 as if fully set forth herein.

43. Defendant Competition Trailers, within twelve (12) years of the filing date of this action, negligently designed and/or tested and/or labeled and/or inspected and/or chose and/or approved and/or manufactured and/or assembled and/or built and/or selected and/or marketed and/or sold the defective or unsuitable trailer, along with its defective component systems and/or component parts, any and all of which are a subject of this action.

44. Defendant Competition Trailers had a duty to use reasonable care and not to negligently design, test, label, inspect, approve, manufacture, assemble, build, select, market or sell the defective or unsuitable trailer, trailer component systems or parts. .

45. Defendant Competition Trailers breached its duty, and this breach was a proximate cause of Mr. Washam's death.

### Plaintiff's Fifth Cause of Action:
### NEGLIGENCE OF DEFENDANT COMPETITION TRAILER FOR FAILURE TO WARN

46. Plaintiffs reallege and incorporate by reference all allegations as set forth in paragraphs 1 – 45 above.

47. Defendant Competition Trailer failed to write, communicate, provide or place reasonable and adequate instructions, warnings and information for the safe use or repair of its trailers and/or their component systems or parts by reasonably foreseeable users, consumers or workers like Mr. Washam.

48. Defendant Competition Trailer had a duty to use reasonable care in providing such reasonable and adequate instructions, warnings and information.

49. Because its trailer and/or component systems or parts left the control of Defendant Competition Trailer without adequate warning, instruction or information, they created an unreasonably dangerous condition that Defendant Competition Trailer knew, or in the exercise of ordinary care, should have known,

13

posed a risk of substantial harm to a reasonably foreseeable claimant such as Mr. Washam.  Defendant Competition Trailer had a duty not to create such a condition.

50. Defendant Competition Trailer breached its duties to provide proper instructions, warnings and information regarding the safe use of its trailers, component systems and/or parts and to avoid the creation of such unreasonably dangerous conditions, and such breach was a proximate cause of Mr. Washam's death.

**Plaintiff's Sixth Cause of Action:**
**CLAIM AGAINST COMPETITION TRAILERS FOR BREACH OF IMPLIED AND EXPRESS WARRANTIES**

51. Plaintiffs reallege and incorporate by reference all allegations as set forth in paragraphs 1 -- 50 above.

52. By operation of statute or under the common law, Defendant Competition Trailers impliedly and expressly warranted that its trailers, component systems and parts were safe for their intended use; properly designed and manufactured; fit for the ordinary and the particular purposes for which they were to be used; and accompanied by adequate warnings, instructions and information respecting safe and proper use.

14

53. These warranties ran to reasonably foreseeable users, consumers or claimaints like Mr. Washam. Alternatively, Mr. Washam was a third party beneficiary of said warranties. Mr. Washam relied on such warranties.

54. Defendant Competition Trailers breached one or more of its warranties.

55. As a direct and proximate result of Defendant Competition Trailer's breach of implied and express warranties, Mr. Washam sustained severe and fatal injuries.

## DAMAGES: COMPENSATORY

56. The allegations of paragraphs 1 – 55 are restated and incorporated herein by reference.

57. Any one or number of Defendants' breaches of their respective duties to Mr. Washam proximately caused his wrongful death.

58. At the time of his death, Mr. Washam was in excellent health, gainfully employed and had a normal life expectancy of at least as long as that set forth in the North Carolina statutory Mortality Tables.

59. Mr. Washam is survived by his widow, Mary Washam, with whom he shared a bond of genuine love and affection.

60. By reason of the acts and omissions of Defendants as set forth hereinabove, Mary Washam, decedent's widow and the beneficiary of his estate, has been deprived permanently and forever of his love, companionship, society, kindly offices, advice as a husband and friend, services and earnings arising from their martial relationship, together with reasonable and necessary funeral and burial expenses, and has been damaged thereby in an amount in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and against Defendants, jointly and severally, such that:

1. Plaintiff have and recover of Defendants an award in excess of $75,000 for the wrongful death of Terry Dean Washam, including for his pre-death terror, conscious physical pain and mental suffering, loss of income, kindly offices and advice, marital services and companionship, reasonable funeral and burial expenses and all other damages allowed by North Carolina law, to be determined at trial;

2. Defendants be taxed with and Plaintiff have and recover the costs of this action, to include reasonable attorneys' fees, pre and post judgment interest, and all other costs permitted by law;

3. All issues of fact be tried by a jury; and

4. The Court award such other and further relief that it deems just and proper.

Respectfully submitted, this 3rd day of October, 2014.

THE SASSER LAW FIRM, P.A.

Attorneys for Plaintiff(s)

---

Charles McB. Sasser
N.C. State Bar No. 10027
Suite 350
1011 E. Morehead Street
Charlotte, North Carolina 28204
Phone: (704) 342-4200
Fax: (704) 342-0798